# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

# CIVIL MINUTES – GENERAL

Case No.    CV 19-4366 VAP (SS)                    Date: November 4, 2019
                                                   Page 1 of 3

Title:    Christopher Barrett Smith v. City of Santa Barbara, et al.

---

DOCKET ENTRY:   **ORDER TO SHOW CAUSE WHY THE MAGISTRATE JUDGE SHOULD NOT RECOMMEND THAT ANY SURVIVING CLAIMS AGAINST THE DOE DEFENDANTS BE DISMISSED PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 4(m)**

---

PRESENT:

**HONORABLE SUZANNE H. SEGAL, UNITED STATES MAGISTRATE JUDGE**

| Marlene Ramirez | None | None |
|---|---|---|
| Deputy Clerk | Court Reporter/Recorder | Tape No. |

ATTORNEYS PRESENT FOR PLAINTIFF:        ATTORNEYS PRESENT FOR DEFENDANT:

None Present                            None Present

**PROCEEDINGS:  (IN CHAMBERS)**

On March 21, 2019, Plaintiff, a California resident proceeding pro se, filed a complaint in the Santa Barbara County Superior Court raising claims under 42 U.S.C. § 1983 and state statutory and common law. The Complaint sued the City of Santa Barbara; the Santa Barbara Police Department ("SBPD"); SBPD Chief Lori Luhnow; SBPD Officers Christina Ortega and Thomas Vaneyck (collectively, the "City Defendants"); and two sets of DOE Defendants: DOES 1-10, described as unknown employees or agents of the City and/or the SBPD, and DOES 11-20, described as unknown private citizens residing in Santa Barbara County (collectively, the "DOE Defendants"). (Complaint, Dkt. No. 1-1, ¶¶ 5-10, 16-17). On May 20, 2019, the City Defendants removed the action to federal court.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No.  CV 19-4366 VAP (SS)  Date: November 4, 2019
　　　　　　　　　　　　　　　　　　　　　　　　　Page 2 of 3

Title:  Christopher Barrett Smith v. City of Santa Barbara, et al.

　　　　On October 25, 2019, Plaintiff and the City Defendants filed a stipulation to dismiss the five named City Defendants with prejudice. ("Stipulation," Dkt. No. 13). The Stipulation did not expressly encompass the DOE Defendants. Accordingly, on October 29, 2019, in accordance with the Parties' proposed order, the Court dismissed the City, SBPD, Luhnow, Ortega and Van Eyck, leaving only the claims against the DOE Defendants. ("Dismissal Order," Dkt. No. 14).

　　　　It appears that any surviving claims in the Complaint may be subject to dismissal for failure to effect timely service on the DOE Defendants. Federal Rule of Civil Procedure 4(m) provides in relevant part that if a "defendant is not served within 90 days after the complaint is filed, the court -- on motion or on its own after notice to the plaintiff -- must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). However, the Rule also provides that if the plaintiff shows good cause for the failure, "the court must extent the time for service for an appropriate period." Id. When an action is removed from state court, the "period to serve process runs from the date of removal to federal court, rather than the date the action was filed in state court." Wickersham v. Washington, 2014 WL 3846094, at *2 (W.D. Wash. Aug. 5, 2014); see also Esebag v. Whaley, 2018 WL 8131221, at *3 (C.D. Cal. Dec. 10, 2018) ("[P]laintiffs have 90 days following the date of removal to serve all defendants."); Vasquez v. North County Transit Dist., 292 F.3d 1049, 1053 (9th Cir. 2002) ("After removal, the city neglected to perfect service against the Board within [90] days as required by 28 U.S.C. § 1448 and [Rule] 4(m)."); Cardenas v. City of Chicago, 646 F.3d 1001, 1004 (7th Cir. 2011) (service period runs from date of removal).

　　　　Because this matter was removed to federal court on May 20, 2019, the deadline to effect service on every Defendant, named or unknown, expired on August 19, 2019. See Ticketmaster L.L.C. v. Prestige Entm't W., Inc., 315 F. Supp. 3d 1147, 1158 (C.D. Cal. 2018) (90-day deadline under Rule 4(m) applies to service on DOE Defendants but may be extended on a showing of good cause); Tabi v. Doe, 2019 WL 5107102, at *6 (C.D. Cal. June 13, 2019), report and recommendation adopted sub nom. Tabi v. Doe No. 1, 2019 WL 4013444 (C.D. Cal. Aug. 26, 2019) (dismissing action against DOE Defendants without

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. CV 19-4366 VAP (SS) | Date: November 4, 2019 |
| | Page 3 of 3 |

Title: Christopher Barrett Smith v. City of Santa Barbara, et al.

prejudice for failure to serve within Rule 4(m)'s 90-day deadline); Scott v. Hern, 216 F.3d 897, 911-912 (10th Cir. 2000) (affirming dismissal of action against DOE Defendants for failure to effect timely service under Rule 4(m)).  However, nothing in the record reflects that the DOE Defendants have been identified, or that service has been accomplished on them, or that good cause exists to extend the Rule 4(m) deadline.

Accordingly, Plaintiff is ORDERED TO SHOW CAUSE within **ten (10) days** of the date of this Order why any remaining claims in this action should not be dismissed for failure to effect service of the Complaint on the DOE Defendants.  Plaintiff may satisfy this Order by filing proofs of service reflecting that the DOE Defendants have been properly served, or a declaration explaining under oath why Plaintiff is unable to do so and establishing good cause for an extension of the Rule 4(m) deadline.

**Plaintiff is explicitly cautioned that the failure to respond to this Order by the Court's deadline will result in a recommendation that any claims against DOE Defendants be dismissed without prejudice pursuant to Rule 4(m).  If Plaintiff no longer wishes to pursue his claims, he may request a voluntary dismissal of this action in its entirety pursuant to Federal Rule of Civil Procedure 41(a).  A Notice of Dismissal form is attached for Plaintiff's convenience.**

IT IS SO ORDERED.